IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH; DAVID W. PERSHING; MELISSA BERNSTEIN; and HIRAM CHODOSH,<br><br>               Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00196<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On March 11, 2016, *pro se* Plaintiff, Guy M. Domai, proceeding in forma pauperis, filed a Complaint against the University of Utah, David W. Pershing, Melissa Bernstein, and Hiram Chodosh, ("University of Utah Defendants"), for violations of 42 U.S.C. § 1983 through defamation. (Compl. 2-3, ECF No. 3.) The undersigned[1] RECOMMENDS the District Court dismiss Mr. Domai's claims against the University of Utah Defendants for lack of subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332 because the Complaint fails to allege either federal question or diversity jurisdiction.

## STANDARD OF REVIEW

A court construes liberally the filings of *pro se* plaintiffs. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts should not "assume the role of advocate for the *pro se* litigant." *Id.* The *pro se* plaintiff has a duty to follow the same rules of

---

[1] On March 17, 2016, Chief District Judge David Nuffer referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

1

procedure that apply to represented litigants. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citing *Neilsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). Furthermore, when a party proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## DISCUSSION

Federal courts are courts of limited jurisdiction: for the Court to hear a case, it must have authority to do so. Federal courts have the authority to hear cases that raise federal questions under 28 U.S.C. § 1331 or where diversity of citizenship exists, under 28 U.S.C. § 1332. For a court to have authority under either section, the complaint must satisfy certain requirements. If not, the court must dismiss the case for lack of subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### I. Failure to Allege Federal Question Jurisdiction

Mr. Domai's Complaint fails to allege a federal question, upon which federal question jurisdiction may rest. Title 28 of United States Code section 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Courts consider only those allegations stated in the complaint when determining federal question jurisdiction. *Franchise Tax Bd. v. Constr. Laborers*

*Vacation Tr.*, 463 U.S. 1, 27–28 (1983); Fed. R. Civ. P. 8(a)(2); *see Mottley*, 211 U.S. at 152.

Mr. Domai framed his Complaint as a 42 U.S.C § 1983 civil rights violation, which would give the Court federal question jurisdiction. (Compl. 2, EFC No. 3.) Section 1983 states anyone under color of law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Mr. Domai cites to 42 U.S.C. § 1983 in the 'jurisdiction' section of his Complaint stating that the Court has authority under this statute, (Compl. 2, EFC No. 3), but his Complaint fails to allege a civil rights violation recognized under § 1983. (Compl. 3–4, EFC No. 3.) Rather, Mr. Domai's Complaint asserts a state law claim of defamation. (*Id.*) By definition a state law claim does not raise a federal question. Mr. Domai's claim does not arise out of the laws of the United States or under the Constitution but from the laws of Utah.

Mr. Domai also asks this Court to order a criminal investigation into the University of Utah Defendants for the incident that gave rise to his Complaint. (Compl. 2, EFC No. 3.) "[T]he decision to prosecute [criminally] is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Private citizens lack "a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Doyle v. Okla. Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir. 1993). The Court does not have the authority to order a criminal investigation, and Mr. Domai, as a private citizen, does not have the standing to make such a claim. For these reasons, the Complaint fails.

3

## II.     Mr. Domai Fails to Allege Diversity Jurisdiction

The only other basis for the Court to have subject matter jurisdiction depends on the citizenship of the parties.  Title 28 of United States Code section 1332 allows federal courts the authority to hear cases under strict circumstances.  Section 1332 states "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1)  citizens of different States."  28 U.S.C. § 1332(a)(1).   Mr. Domai does not allege complete diversity of citizenship. (Compl. 2, EFC No. 3.)  Furthermore, diversity jurisdiction cannot exist because at a minimum both Mr. Domai and the University of Utah are citizens of Utah.  (*Id.*)  Without all of the plaintiffs coming from states different from all of the states the defendants come from, diversity jurisdiction does not lie.  *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990) (citing 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

## III.     Mr. Domai's Failure to Comply with Court Orders

Mr. Domai's lack of adherence to the Federal Rules of Civil Procedure and the Utah Rules of Practice of the United States District Court has prolonged this case and wasted time.  The undersigned notes Mr. Domai's failings since filing his Complaint. (EFC No. 5, 7, 8.)  The Court gave notice of a status hearing set for June 29, 2016. (EFC No. 6.)  The Court set the hearing to explore the basis for jurisdiction.  Mr. Domai failed to attend the status conference.  (EFC No. 8.)  Mr. Domai likely had no knowledge of the hearing since the post office returned the notice pertaining to the hearing as undeliverable.  However, Mr. Domai's lack of information regarding the hearing results from his failure to provide a valid address to the Court.

4

Mr. Domai must adhere to the rules as required, regardless of his *pro se* status. Parties appearing *pro se* must notify the clerk's office of any change to their telephone number, e-mail address, and address. DU Civ. R. 83-1.3(e). The Court issued and sent a notice of hearing for the status hearing to the address given by Mr. Domai. (ECF No. 6.) The postal service returned the notice to the Court and classified it undeliverable. (ECF No. 7.) Mr. Domai has an obligation under the rules to keep his address current, DU Civ. R. 83-1.3(e), and to attend hearings, Fed. R. Civ. P. 16(f)(1)(A). He failed to adhere to both. Notably, Mr. Domai has filed documents with this District after the date of the returned notice bearing the same address to which the Court sent the notice. (*See, e.g.,* Request to Reschedule Scheduling Conf., ECF No. 10.) Indeed, the undersigned granted Mr. Domai's request to reschedule, filed more than seven months after the Court set the initial hearing. (ECF Nos. 10, 12.) Again, Mr. Domai failed to attend the hearing. (ECF No. 14.) The undersigned notes these issues as they make progress in the case impossible and could by themselves result in dismissal. *See* Fed. R. Civ. P. 41(b); DU Civ. R. 1-2.

## **RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the Court dismiss Mr. Domai's claims against the University of Utah Defendants for lack of subject matter jurisdiction because Mr. Domai's defamation claim does not state a claim against the University of Utah Defendants under § 1983 or any other federal cause of action, and the parties lack complete diversity of citizenship.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies

the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of July 2017.

BY THE COURT:

_____
Honorable Evelyn J. Furse
United States Magistrate Judge